## LAMAR v. UNITED STATES.[1]

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 434. Motion to dismiss or affirm submitted January 17, 1916.— Decided January 31, 1916.

Jurisdiction is a matter of power and covers wrong as well as right decisions.

The District Court has cognizance of all crimes cognizable under the authority of the United States and acts equally within its jurisdiction whether it decides that the accused is guilty or innocent and whether its decision is right or wrong.

The objection that an indictment does not charge a crime against the United States goes only to the merits of the case.

The question in what sense the word officer is used in § 32, Criminal Code, is not one involving the Constitution of the United States.

The same words may have different meanings as differently used, and

---

[1] For final decision of this case see 241 U. S. 103.

the word officer-may be used in § 32 of the Criminal Code in a different sense from what it is used in the Constitution; and whether § 32 covers falsely personating a Congressman and whether a Congressman is a state or Federal officer are not constitutional questions which can be made the basis of a direct appeal under Jud. Code, § 241.

Under § 32, Crim. Code, the indictment is not for defrauding, but for false personation with intent to defraud, and the nature of the fraud is immaterial.

False personation by telephone of an officer of the United States takes effect where the hearer is, and whether the speaker is or is not in the same district where the former is, the District Court of that district has jurisdiction of the offense under § 32, Criminal Code.

, The facts, which involve the jurisdiction of the District Court of the crime of falsely personating an officer of the United States, to wit, a member of the House of Representatives, are stated in the opinion.

*The Solicitor General* for the United States, in support of the motion:

The court below had jurisdiction to construe the statute. Its error, if any, in so doing is one over which the Circuit Court of Appeals has exclusive appellate jurisdiction. The statute and not the Constitution was to be construed. No constitutional question is involved.

The alleged constitutional question, if presented, must be found in favor of the Government. A member of the House of Representatives is an officer of the Government of the United States and acting under its authority; members of Congress hold "office"; a member of Congress is an "officer." 2 Bouvier's Law Dict., p. 540, ed. of 1897; *Swafford* v. *Templeton,* 185 U. S. 487, 492; *Floyd Acceptances,* 7 Wall. 666, 676; *United States* v. *Maurice,* 2 Brock. 96, 102; Rev. Stat., §§ 1756, 1759, 1786, 2010; *Morril* v. *Haines,* 2 N. H. 246, 251; *Shelby* v. *Alcorn,* 36 Mississippi, 273, 291; *State* v. *Dillon,* 90 Missouri, 229, 233.

A member of Congress is a Federal and not a state officer. *Eversole* v. *Brown,* 21 Ky. Law Rep. 925, 927;

*State v. Gifford*, 22 Idaho, 613, 632, 633; *State v. Russell*, 10 Ohio Dec. 255, 264.

Other decisions of this court do not contravene the proposition here contended for.

In support of these contentions, see cases cited, *supra*, and also *Burton v. United States*, 202 U. S. 344; *Darnell v. Ill. Cent. R. R.*, 225 U. S. 243; *Empire State Mining Co. v. Hanley*, 205 U. S. 225; *Ex parte Yarbrough*, 110 U. S. 651; *Felix v. United States*, 186 Fed. Rep. 685; *Fore River Shipbuilding Co. v. Hagg*, 219 U. S. 175; *Ill. Cent. R. R. v. Adams*, 180 U. S. 28; *Lamar v. Splain*, 42 App. D. C. 300; *Paddock Iron Co. v. Mason*, 2 S. W. Rep. 841; *Parks v. Soldiers' Home*, 22 Colorado, 86; *People v. Common Council*, 77 N. Y. 503; *People v. Hayes*, 7 How. Pr. (N. Y.) 248; *People v. Nostrand*, 46 N. Y. 375; *Smith v. McKay*, 161 U. S. 355; *State v. Hewitt*, 3 S. Dak. 187; *State v. Hocker*, 39 Florida, 477; *United States v. Barnow*, 239 U. S. 74; *United States v. Germaine*, 99 U. S. 508; *United States v. Hartwell*, 6 Wall. 385; *United States v. Mouat*, 124 U. S. 303; *United States v. Smith*, 124 U. S. 525; *Wiley v. Sinkler*, 179 U. S. 58; *Wise v. Withers*, 3 Cranch, 331; *Woods Case*, 2 Cowen (N. Y.), 30; *Adv. Op. to Governor*, 13 Florida, 692; *Adv. Op. to Governor*, 3 Maine, 481; 4 Birdseye's Consol. Laws N. Y., Ann., 1909, p. 4619; Black's Law Dict., p. 710, 2d ed.; Webster's Dictionary; Century Dictionary; Mechem on Public Officers, §§ 4, 19; Rawle on Const., 2d ed., 1829, pp. 213–218; 1 Rev. Stat. (N. Y.), 1829, p. 95.

*Mr. Carl E. Whitney* and *Mr. A. Leo Everett* for plaintiff in error in opposition to the motion:

The court had no jurisdiction of the cause, because the indictment did not charge any crime under the laws of the United States. The reasons are twofold (a) a Congressman is not an officer of the United States; (b) defendant was not charged with assuming to act "under

the authority of the United States," as the statute requires.

The Government, having failed to prove where the crime was committed, did not meet the constitutional provision that the accused shall be tried in the State and district where the crime was committed. Const. Amend., Art. VI.

In view of the failure to allege in the indictment the circumstances constituting the attempt to defraud, the defendant was deprived of his constitutional right to be informed of the nature and cause of the accusation against him. Const. Amend., Art. VI.

The construction of the Constitution was involved in the decision that a Congressman is an officer of the United States.

In support of these contentions, see *American Surety Co. v. Schulz*, 237 U. S. 159; Blackstone's Commentaries, Bk. 1, ch. 2, p. 159; *Blount's Case*, Wharton's St. Tr. 200; *Bogart v. So. Pac. Co.*, 228 U. S. 137; *Bryant Co. v. N. Y. Steamfitting Co.*, 235 U. S. 327; Burke's Works, Little, Brown & Co., 1866, vol. XI, p. 96; *Burton v. United States*, 202 U. S. 344; *Cohens v. Virginia*, 6 Wheat. 264; *The Fair v. Kohler Die Co.*, 228 U. S. 22; *Fore River Ship Building Co. v. Hagg*, 219 U. S. 175; *Grant Shoe Co. v. Laird*, 212 U. S. 445; *Globe Newspaper Co. v. Walker*, 210 U. S. 356; *Greene v. Henkel*, 183 U. S. 249; *Healy v. Sea Gull Co.*, 237 U. S. 479; House Rep., No. 677, 63d Cong., 2d Sess.; House Res., 63d Cong., 2d Sess., Cong. Rec., p. 8831; *Hyde v. United States*, 225 U. S. 347; *The Jefferson*, 215 U. S. 130; *Louisville Trust Co. v. Knott*, 191 U. S. 225; *Mackenzie v. Hare*, 239 U. S. 299; *Mississippi R. R. Com. v. Louis. & Nash. R. R.*, 225 U. S. 272; *North Am. Storage Co. v. Chicago*, 211 U. S. 306; *Kelly v. Common Council*, 77 N. Y. 503; *Pettit v. Walshe*, 194 U. S. 205; *Steinfeld v. Leckendorf*, 239 U. S. 26; Story's Comm., 1st ed., § 791; Tucker on the Const., § 199; *United States v.*

*Barnow*, 239 U. S. 74; *United States* v. *Cook*, 17 Wall. 174; *United States* v. *Cruikshank*, 92 U. S. 542; *United States* v. *Hess*, 124 U. S. 483; *United States* v. *Mills*, 7 Pet. 142; *United States* v. *Mouat*, 124 U. S. 303; *United States* v. *Smith*, 124 U. S. 525.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff in error was tried and convicted upon an indictment charging him with having falsely pretended to be an officer of the Government of the United States, to wit, a member of the House of Representatives, that is to say, A. Mitchell Palmer, a member of Congress, with intent to defraud J. P. Morgan & Company and the United States Steel Corporation. The case is brought here directly on the ground that the court had no jurisdiction because the indictment does not charge a crime against the United States, and that the interpretation of the Constitution was involved in the decision that a Congressman is an officer of the United States. There are subsidiary objections stated as constitutional that the indictment is insufficient and that it does not appear in what district the crime was committed.

On the matter of jurisdiction it is said that when the controversy concerns a subject limited by Federal law, such as bankruptcy, *Grant Shoe Co.* v. *Laird*, 212 U. S. 445; copyright, *Globe Newspaper Co.* v. *Walker*, 210 U. S. 356; patents, *Healy* v. *Sea Gull Specialty Co.*, 237 U. S. 479, or admiralty, *The Jefferson*, 215 U. S. 130, the jurisdiction so far coalesces with the merits that a case not within the law is not within the jurisdiction of the court. *The Ira M. Hedges*, 218 U. S. 264, 270. *Haddock* v. *Haddock*, 201 U. S. 562. Jurisdiction is a matter of power and covers wrong as well as right decisions. *Fauntleroy* v. *Lum*, 210 U. S. 230, 234, 235. *Burnet* v. *Desmornes*, 226 U. S. 145, 147. There may be instances in which it is

hard to say whether a law goes to the power or only to the duty of the court; but the argument is pressed too far. A decision that a patent is bad, either on the facts or on the law, is as binding as one that it is good. *The Fair* v. *Kohler Die Co.*, 228 U. S. 22, 25. And nothing can be clearer than that the District Court, which has jurisdiction of all crimes cognizable under the authority of the United States (Judicial Code of March 3, 1911, c. 231, § 24, second), acts equally within its jurisdiction whether it decides a man to be guilty or innocent under the criminal law, and whether its decision is right or wrong. The objection that the indictment does not charge a crime against the United States goes only to the merits of the case.

As to the construction of the Constitution being involved, it obviously is not. The question is in what sense the word 'officer' is used in the Criminal Code of March 4, 1909, c. 321, § 32. The same words may have different meanings in different parts of the same act and of course words may be used in a statute in a different sense from that in which they are used in the Constitution. *Am. Security & Trust Co.* v. *Dist. of Col.*, 224 U. S. 491, 494.

There were fainter suggestions that the defendant's constitutional rights were infringed because the nature of the fraud intended was not set forth and because the State and district wherein the crime was committed were not proved. The indictment is not for defrauding but for personation with intent to defraud; the nature of the fraud intended is not material and even might not yet have been determined. It is not an indictment for a conspiracy to commit an offence against the United States, where the offence intended must be shown to be a substantive crime. It reasonably may be inferred from the evidence that the defendant was tried in the right State and district in fact. If so, his constitutional rights were preserved. The personation was by telephone to a person

in New York (Southern District) and it might be found that the speaker also was in the Southern District; but if not, at all events the personation took effect there. *Burton* v. *United States,* 202 U. S. 344, 389. These objections are frivolous and the others have been shown to be unfounded. It follows that the writ of error must be dismissed.

*Writ of error dismissed.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.