### UNITED STATES v. STEINBERG et al.
#### No. 185.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1932.

David P. Siegel and Joseph Heller, both of New York City (Milton B. Seasonwein, of New York City, on the brief), for appellants.

George Z. Medalie, U. S. Atty., of New York City (Louis Mead Treadwell, of New York City, of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

█ The only point of consequence is whether section 215 of the Criminal Code (18 US CA § 338) covers the case of a letter posted by the accused in Canada, and received by the

addressee in the United States. We regard this as concluded by Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989, where it was held that the accused might be indicted and tried at the place where the letter was received. The amendment of 1909 (35 Stat. 1130 [18 USCA § 338]) created another crime; that of causing a letter to be delivered to a person within the United States by means of its mails. The section, in some aspects anyway, includes letters posted outside the United States, since it expressly makes it a crime to "take or receive any such" from the mails, though so posted. In the light of this, it would be extravagant to suppose that the immediately following general language, creating the crime of "causing" the letter to be delivered, was more limited. It is apparent that the two were intended to be complementary. "Such" refers to a letter used in execution of the scheme. It has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which that evil is the fruit. Strassheim v. Daily, 221 U. S. 280, 284, 285, 31 S. Ct. 558, 55 L. Ed. 735; Lamar v. U. S., 240 U. S. 60, 64, 65, 66, 36 S. Ct. 255, 60 L. Ed. 526; Ford v. U. S., 273 U. S. 593, 620, 621, 47 S. Ct. 531, 71 L. Ed. 793. The constitutional question is frivolous.

There is a suggestion that the evidence was not sufficient to support a verdict; but the point was not argued, nor does the brief discuss it so as to present it in intelligible form. Nothing else needs discussion.

■ We note that the defendant was sentenced to double the maximum punishment, through the device of treating the posting of two letters as separate crimes. We have often deprecated this practice; we do so again. But, as we have no power to intervene, we can go no further.

Judgment affirmed.