**UNITED STATES v. RUSSO.**

**No. 153, Docket 21237.**

United States Court of Appeals
Second Circuit.

Feb. 4, 1949.

William E. Jackson, of New York City, and Frank Russo pro se, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Frederick H. Block and Thomas F. Burchill, Jr., Asst. U. S. Attys., both of New York City, of counsel), for appellee United States.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction for violating Section 469, [now § 2199] of Title 18 of the United States Code Annotated. This section prohibited any person without the consent of the owner or master of a vessel and with intent to obtain transportation on such vessel without paying therefor, from boarding, entering or secreting himself aboard such vessel in any place within or without the jurisdiction of the United States and remaining aboard and being thereon at any place within the jurisdiction of the United States.

There was evidence that the defendant Russo boarded the Vulcania at Genoa, Italy, with a second-class ticket for Naples, but that when the vessel left Naples for New York he remained aboard without any passport or visa and without any ticket for New York, and was found on the vessel when she was about three days out from Naples and past Gibraltar. He testified at

---

554

one point that he overslept at Naples as proof that he did not intend to seek passage for New York without paying for his ticket, but also said he did not make known that he was on the ship when she arrived at Gibraltar because he "wanted to get back to the United States. That was the only possible way I could get back. The American Consul would not do anything for me in Italy." He further attempted to excuse his failure to have a ticket by saying that when he was taken into custody as a stowaway after leaving Gibraltar he offered to pay for his passage when he reached New York.

The defendant plainly had no defense if he originally intended to go, and remain, on board without paying for a ticket. The trial judge carefully charged the jury that such an intent was necessary to justify conviction and that it must be proved beyond a reasonable doubt. He told them that accidentally remaining aboard past the defendant's ticket designation did not constitute the crime charged. The appellant places reliance upon the contention that the verdict of guilty was against the weight of the evidence. The weight of the evidence was purely a jury question and we feel no doubt that there was sufficient to justify the verdict of guilty.

The judgment is accordingly affirmed.