**Alvin Francis RAMEY and Owen Leroy Linder, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 15565.

United States Court of Appeals Fifth Circuit.

Jan. 17, 1956.

Rehearing Denied Feb. 23, 1956.

See 230 F.2d 171.

Roy A. Scott, Corpus Christi, Tex., for appellants.

Harman Parrott, Asst. U. S. Atty., San Antonio, Tex., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before HOLMES, RIVES, and CAMERON, Circuit Judges.

HOLMES, Circuit Judge.

The appellants were convicted upon count one of a three-count indictment, and sentenced by the court below to serve prison terms and to pay fines respectively. A judgment of acquittal as to each of them was entered as to counts two and three, on which the court had peremptorily instructed the jury to find them not guilty. This appeal is from the sentences imposed upon the appellants, after each of them had been found guilty by the verdict of a jury.

Count one charged that in April, 1954, in Bexar County, in the San Antonio division of the Western District of Texas, the appellants conspired and agreed to transport in foreign commerce from Mexico to the United States five thousand dollars ($5000), which had been taken by fraud from the owner thereof, pursuant to said conspiracy. To effect the object thereof, eleven overt acts were alleged with particularity. The appellants offered no evidence in their defense, but relied upon the asserted insufficiency of the evidence on behalf of the government. The substantial evidence against them, which was uncon-

troverted and which the jury evidently found to be true, is, in part, as follows:

The appellant Linder, representing himself as John Henry Henderson, employee of a wealthy oil man from Houston, visited an apartment house owned by the victim (Mrs. Burres) in San Antonio on April 18, 1954, to inquire about buying one of the apartments for his employer. While the proposed deal was pending, he persuaded her to visit several places with him, and to let him examine her books and papers, which revealed that she had $5000 in a savings account with a San Antonio building and loan association. He took the victim on one occasion to Laredo in his two-toned Pontiac with Texas license plates, which car was rented by him from the witness Gregory. Oklahoma license plates were on this same car when Linder was later arrested. Linder introduced the victim to Alvin Ramey, co-appellant, who was posing as a Mr. Mantel, employee of the New York "Bankers Club," an alleged wire gambling syndicate. After glowing accounts of how much money could be won by placing horse-racing bets with Mantel's very exclusive organization, they persuaded the victim to withdraw her $5000 of savings from said association and accompany them across the river from Laredo into Mexico, where they rented a hotel room and exhibited to her what purported to be bundles of money which they claimed to have won gambling. In that room in Mexico, the victim was induced by appellants to give Linder her $5000 in bills of large denominations, American money, which they promised to return to her as soon as the race was over, which they never did because they claimed the money was bet on the wrong horse. The whole scheme was a fraud. Linder, almost immediately after getting the money, allegedly took a plane to Wyoming and Mantel stayed behind to comfort the victim and, by assurances that her money would be repaid, keep her from telling the police immediately.

It is unnecessary to relate all the details of direct and circumstantial evidence that were in the record. In our opinion, there was substantial evidence to convince the jury of appellants' guilt under count one, not only beyond every reasonable doubt, but to the exclusion of every reasonable hypothesis of their innocence or of the innocence of either one of them. We find no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.