Alvin Francis **RAMEY** and Owen Leroy Linder, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 15565.

United States Court of Appeals Fifth Circuit.

Feb. 23, 1956.

---

Roy A. Scott, Corpus Christi, Tex., Harry S. Pollard, Austin, Tex., for appellants.

Harman Parrott, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HOLMES, RIVES, and CAMERON, Circuit Judges.

HOLMES, Circuit Judge.

[1] In order to sustain the verdict of guilty under count one, it was not necessary to prove the substantive offenses charged under either count two or three of the indictment in this case. To be more specific, it was not necessary to prove that the five thousand dollars, which had been taken by fraud from the owner thereof, was in fact transported in foreign commerce pursuant to the conspiracy alleged in count one. The conspiracy to transport it having been shown by circumstantial evidence to the exclusion of every reasonable hypothesis to the contrary, it was only necessary to prove that one of the alleged eleven overt acts was committed by the defendants in Bexar County, Texas, said county being in the San Antonio division of the Western district of Texas. Many of such acts were proven by direct and positive evidence, which was not contradicted.

The fact that the money was taken by fraud from the victim in Nuevo Laredo, Mexico, is not a defense to the alleged conspiracy, which was intended to be consummated by bringing the money back to the United States. The crime of conspiracy was completed within the jurisdiction of the court below when one or more of the alleged overt acts was or were committed, as alleged and proven, within the jurisdiction of the trial court. The factual distinction is apparent between this case and Crain v. United States, 5 Cir., 148 F.2d 615, relied on by appellant. The same is true as to Buchanan v. United States, 8 Cir., 164 F.2d 15. In the latter case the court said: "Upon the trial of the charge against the appellants proof that either the alleged conspiracy or an alleged overt act to effect the object thereof, or both, occurred in Arkansas was required to establish jurisdiction of the federal court in that state." 164 F.2d at page 16.

The petition for rehearing should be denied.

Petition denied.