**UNITED STATES of America**

v.

**Aubrey Eugene MENERE and George Gordon Graham, Defendants.**

**No. C 151–43.**

United States District Court
S. D. New York.

Oct. 23, 1956.

Paul W. Williams, U. S. Atty. for the Southern Dist. of New York, New York City, for United States, Herbert C. Kantor, Asst. U. S. Atty., New York City, of counsel.

Delaney & Donoghue, New York City, for defendant George Gordon Graham, Joseph L. Delaney, New York City, of counsel.

LEVET, District Judge.

The defendant, George Gordon Graham, was charged with having boarded and secreted himself aboard the S. S. Queen Elizabeth at Southampton, England, without the consent of the owner of said vessel, and remaining aboard said vessel with intent to obtain transportation after it had left Southampton. It is further charged that the defendant was aboard the S. S. Queen Elizabeth when it arrived in the Port of New York.

By a duly executed consent, pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., the defendant waived a jury and consented to be tried by the Court. The defendant Aubrey Eugene Menere had previously pled guilty to the second count of the indictment herein.

The defendant has not requested special findings as authorized under Rule 23(c) of the Federal Rules of Criminal Procedure and, therefore, none are necessary. Nevertheless, the Court will note certain salient facts in order to advise the defendant of the basis for its general finding.

The proof heard by the Court is as follows:

Menere testified that he was employed by the Cunard Line on the S. S. Queen Elizabeth as a greaser of the machinery at the capstan house, and that on August 7, 1956, at a neighbor's house in the City of Southampton, England, he met the defendant, who, in substance, asked Menere to help him stowaway on a ship bound for the United States. Later, Menere agreed to do this and made certain arrangements. On the night of August 22, 1956, Menere and the defendant went aboard the S. S. Queen Elizabeth. There the defendant changed into some work clothes supplied by Menere, who also secured blankets for the defendant and supplied him with sandwiches. During the voyage, and until he was discovered, the defendant used the capstan house for his sleeping quarters.

During the voyage and while the ship was some 1,700 miles from New York, in about the mid-Atlantic, the defendant was discovered and was taken to the staff captain's office. When the vessel arrived in New York, the defendant was interviewed by one Edward A. Boyle, an investigator of the United States Immigration and Naturalization Service. The defendant thereafter signed a statement in which he said that he is a native and citizen of Great Britain, born on July 26, 1904, at Grenock, Scotland; that on August 22, 1956, he boarded the S. S. Queen Elizabeth at Southampton Harbor with the intention of coming to the United States; that he had not booked passage or paid for passage on the S. S. Queen Elizabeth, and that it was his intention to disembark in New York City or in any other port in the United States.

At the conclusion of the trial, the defendant moved for acquittal on the ground that no jurisdiction in the United States Court had been established. He predicated his jurisdictional defense upon the ground that since he was apprehended by the ship's officers before the vessel arrived in the United States, his acts which constituted the basis for the substantive charge had not been committed within the territorial limits of the United States. Therefore, the defendant alleges that the federal statute with respect to stowaways is inapplicable.

The statute under which the indictment was filed is Title 18 U.S.C.A. § 2199, a portion of which is as follows:

"Whoever, without the consent of the owner, charterer, master or person in command of any vessel, or aircraft, with intent to obtain transportation, boards, enters or secrets himself aboard such vessel or aircraft and is thereon at the time of departure of said vessel or aircraft from a port, harbor, wharf, airport or other place within the jurisdiction of the United States; or

"Whoever, with like intent, having boarded, entered or secreted himself aboard a vessel or aircraft at any place within or *without the jurisdiction* of the United States, remains aboard after the vessel or aircraft has left such place and is *thereon at any place within the jurisdiction of the United States* * * [Emphasis added.]

\* \* \* \* \* \*

"Shall be fined not more than $1,000 or imprisoned not more than one year, or both."

It is undisputed that the defendant, without the consent of the vessel's owner and with the intent to obtain transportation, boarded the S. S. Queen Elizabeth and secreted himself aboard it, although without the jurisdiction of the United States. It is also undisputed that he remained aboard after the vessel left the City of Southampton, England, bound for Cherbourg, France, and then for New York. It is conceded that the defendant was on board the ship when it docked in the Port of New York within the jurisdiction of the United States. Therefore, the defendant's contention with respect to lack of jurisdiction is not well-founded since the facts in this case are squarely within the terms of the second paragraph of the statute

above set forth. See United States v. Russo, 2 Cir., 1949, 172 F.2d 553.

The second paragraph of Section 2199, Title 18 U.S.C.A., was violated by the defendant when he arrived aboard the S. S. Queen Elizabeth within the jurisdiction of the United States. "[A] person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which that evil is the fruit." United States v. Steinberg, 2 Cir., 1932, 62 F.2d 77, 78 certiorari denied 289 U.S. 729, 53 S.Ct. 526, 77 L.Ed. 1478. See also Ramey v. United States, 5 Cir., 1956, 230 F.2d 171.

Defendant cites United States v. Baker, D.C.S.D.N.Y.1955, 136 F.Supp. 546 and Yenkichi Ito v. United States, 9 Cir., 1933, 64 F.2d 73 certiorari denied 1933, 289 U.S. 762, 53 S.Ct. 796, 77 L.Ed. 1505 as authority for his position. In the Baker case, an alien was indicted for falsifying and concealing a material matter within the jurisdiction of the Immigration and Naturalization Service at a time when said alien was present in Canada. The indictment was dismissed on the ground that the United States has no power to indict and try an alien for a crime committed abroad. The Court noted that "the defendant's crime was complete the moment she made the false statement; no further acts within the United States were necessary". 136 F.Supp. at pages 548–549. In the Yenkichi Ito case, supra, a federal statute prohibiting the bringing of aliens into the United States was held not to have been violated because the aliens were some forty miles off the coast of Southern California when their vessel was seized by the authorities. The Court said: "The act committed was legal where committed and was potentially wrong only because coupled with an intent to consummate the act of landing the aliens within the United States." 64 F.2d at page 75. Hence, the defendants were not guilty of the substantive offense since they had not landed the aliens on the mainland.

In the case at bar the crime was consummated when the defendant arrived "within the jurisdiction of the United States." His presence in New York was the nexus for jurisdictional purposes. The mere fact that the defendant was apprehended while at sea does not of itself alter his status as a stowaway, see United States v. Sandrey, C.C., 48 F. 550; Stone ex rel. Colonna v. Tillinghast, 1 Cir., 1929, 32 F.2d 447; The Manuel Arnus, 2 Cir., 1935, 75 F.2d 943, certiorari denied 295 U.S. 756, 55 S.Ct. 913, 79 L.Ed. 1699; nor does it deprive the Court of jurisdiction to entertain this action. The statute applies with equal force to stowaways who are discovered as well as to those who are more resourceful.

The defendant's motions to dismiss the indictment and for acquittal are denied.

In view of the foregoing, I find the defendant guilty as charged.