NABERS, Chief Justice
(concurring specially).
I concur in the decision to deny certiora-ri review in this case. I write separately because the case touches on an issue that merits further attention — the subject-matter jurisdiction of the Alabama courts in criminal cases.
Robertson filed a petition under Rule 32, Ala. R.Crim. P., challenging a nearly 30-year-old conviction that resulted from a guilty plea. He did not appeal that conviction. Under most circumstances, any of those factors would preclude postconviction relief. See Fuqua v. State, 912 So.2d 290, 291 (Ala.Crim.App.2005)(guilty plea waives all nonjurisdictional defects occurring before the plea); Rule 32.2(c), Ala. R.Crim. P. (one-year limitations period for nonjurisdictional claims); Rule 32.2(a), Ala. R.Crim. P. (precluding postconviction relief based upon most grounds not raised on direct appeal).
This Court has stated, however, that “[flailure to allege an essential element of the charged offense is a jurisdictional defect, and the failure to raise the defect at trial or on direct appeal does not constitute a waiver.” Ex parte Lewis, 811 So.2d 485, 487 (Ala.2001). Robertson alleges in his petition that his indictment failed to charge that he acted with the specific intent necessary to commit the offense of grand larceny. Under current Alabama law, Robertson’s claim is a jurisdictional claim, which is never waived or precluded. Robertson was therefore permitted to present the merits of his claim to the Court of Criminal Appeals.
To characterize the type of claim Robertson asserts as jurisdictional is questionable. Alabama’s courts derive their subject-matter jurisdiction from the Alabama Constitution and the Alabama Code. By stating that a valid indictment is necessary to vest a trial court with subject-matter jurisdiction over a criminal offense, we seem to have departed from that constitutional and statutory framework.
Jurisdiction is “[a] court’s power to decide a case or issue a decree.” Black’s Law Dictionary 868 (8th ed.2004). Subject-matter jurisdiction concerns the types of cases a court may hear. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (“ ‘By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.’ ” (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). In deciding whether an error in a criminal case is jurisdictional, our inquiry should be limited to whether the trial court had the constitutional and statutory authority to try the type of offense with which the defendant is charged.
*1061 Alabama’s circuit courts have subject-matter jurisdiction over all prosecutions for felony offenses committed within the state of Alabama. The Alabama Constitution states that “[t]he circuit court shall exercise general jurisdiction in all eases except as may otherwise be provided by law.” Amend. No. 328, § 6.04(b), Ala. Const.1901. The Alabama Code provides that “[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions ....” § 12-11-30, Ala.Code 1975. No statute or constitutional provision limits this jurisdiction to those cases in which the defendant is charged by a valid indictment.
Robertson was charged in the circuit court with grand larceny — a felony offense. Because Alabama’s circuit courts have the power to try all felony offenses, no defect in the indictment could divest the court of subject-matter jurisdiction in Robertson’s case. To the extent our cases hold otherwise, they should be reexamined.
It is noteworthy that the United States Supreme Court has long held that a defective indictment does not divest a federal district court of subject-matter jurisdiction. In Lamar v. United States, 240 U.S. 60, 36 S.Ct. 255, 60 L.Ed. 526 (1916), Justice Holmes stated: “The objection that the indictment does not charge a crime against the United States goes only to the merits of the case.” 240 U.S. at 65, 36 S.Ct. 255. More recently, in United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), a unanimous Supreme Court recognized that the characterization of a defect in an indictment as jurisdictional was based on a concept of jurisdiction that has long been discredited:
“In 1887, therefore, this Court could examine constitutional errors in a criminal trial only on a writ of habeas corpus, and only then if it deemed the error ‘jurisdictional.’ The Court’s desire to correct obvious constitutional violations led to a ‘somewhat expansive notion of jurisdiction,’ which was ‘more a fiction than anything else.’ ...
“[This] elastic concept of jurisdiction is not what the term ‘jurisdiction’ means today, ie., ‘the courts’ statutory or constitutional power to adjudicate the case.’ This latter concept of subject-matter jurisdiction, because it involves a court’s power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court. In contrast, the grand jury right can be waived....
“... [A] ruling ‘that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.’
“Thus, this Court some time ago departed from [the] view that indictment defects are ‘jurisdictional.’ ”
535 U.S. at 630-31, 122 S.Ct. 1781 (internal citations omitted).
This reasoning is equally applicable to the constitutional and statutory framework within which Alabama’s circuit courts operate. When an appropriate case presents itself, this Court should revisit this important issue.
SEE, STUART, SMITH, BOLIN, and PARKER, JJ., concur.