<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4741**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

VAN SON THAI, a/k/a Son Tau, a/k/a Thai Son,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:09-cr-00408-AJT-2)

Submitted: March 24, 2011    Decided: March 31, 2011

Before NIEMEYER, GREGORY, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rebecca S. Colaw, REBECCA S. COLAW, PC, Suffolk, Virginia, for Appellant. Kimberly Riley Pederson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Van Son Thai pled guilty, pursuant to a written plea agreement, to one count of conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951 (2006), and one count of use of firearms during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Thai to 120 months' imprisonment, which consisted of thirty-six months on the conspiracy count and eighty-four months on the firearms count, running consecutively. Thai timely appealed. On appeal, Thai first argues that count one of the superseding indictment failed to allege sufficient facts to establish federal jurisdiction and accordingly should have been dismissed. Thai also argues that the district court erred at sentencing because it considered two additional robberies not identified in the statement of facts and because the court failed to find that Thai had committed the two additional robberies beyond a reasonable doubt. In response, the Government filed a motion to dismiss, relying on Thai's appeal waiver. We agree with the Government's position and dismiss Thai's appeal.

It is well-settled that "a defendant may waive in a valid plea agreement the right of appeal under 18 U.S.C. § 3742." United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). "Whether a defendant has effectively waived the right to appeal is an issue of law that [this court] review[s] de novo."

2

United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). In undertaking that review, this court will enforce an appellate waiver where such a waiver "is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). An appellate waiver is generally considered to be knowing and intelligent where the court specifically questioned the defendant regarding the waiver during the Rule 11 colloquy and the record indicates that the defendant understood the significance of the waiver. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Our review of the record leads us to conclude that Thai knowingly and voluntarily waived the right to appeal his conviction and sentence.

Only a "narrow class of claims involves errors that the defendant could not have reasonably contemplated when the plea agreement was executed," and therefore are excluded from the scope of the waiver. Poindexter, 492 F.3d at 270 (internal quotation marks omitted). For example, claims that proceedings following the guilty plea were conducted in violation of the defendant's Sixth Amendment right to counsel, United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994), or that a sentence was imposed in excess of the statutory maximum penalty "or based on a constitutionally impermissible factor such as race," United

3

States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), fall within the narrow category of claims excluded from an appellate waiver.

Thai first argues that count one of the superseding indictment failed to allege sufficient facts to establish federal jurisdiction, and thus, the district court lacked subject matter jurisdiction. Because subject matter jurisdiction involves the power of a court to hear a case, claims that a court lacked jurisdiction are not barred by an appellate waiver. See United States v. Cotton, 535 U.S. 625, 630 (2002) (subject matter jurisdiction cannot be forfeited or waived). However, the Supreme Court also established in Cotton that a defective indictment does not deprive a court of jurisdiction. Id. at 631. Thus, Thai's claim is not jurisdictional, but "goes only to the merits of the case," and is therefore barred by his appeal waiver. Id. (quoting Lamar v. United States, 240 U.S. 60, 65 (1916)).

Thai's second claim, that the district court erred in imposing his sentence, does not rise to the level of a "reasonably unforeseeable" constitutional violation, but rather constitutes a routine challenge to the procedural reasonableness of his sentence. Therefore, this claim falls squarely within the scope of the appellate waiver. Accordingly we grant the Government's motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented

4

in the materials before the court and argument would not aid the decisional process.

DISMISSED