STUART, Justice
(dissenting).
Because I cannot agree with the main opinion’s holding that a court’s subject-matter jurisdiction, that is, a court’s power to decide a case, rests upon the constitutionality of the ordinance/statute the defendant is charged with violating; I respectfully dissent.
“Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.’ Black’s Law Dictionary, 867 (8th ed.2004). Subject-matter jurisdiction concerns a court’s power to decide certain types of cases. Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911) (‘“By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.” ’ (quoting Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 316, 19 L.Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. See United States v. Cotton, 535 U.S. 625, 630-31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (subject-matter jurisdiction refers to a court’s ‘statutory or constitutional power’ to adjudicate a case).”
Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006).
The Alabama Constitution provides that a municipal court “shall have uniform ordinal jurisdiction limited to cases arising under municipal ordinances as prescribed by law” and that a circuit court “shall exercise general jurisdiction in all cases except as may be otherwise provided by law.” § 145 and § 142, respectively, Ala. Const.1901. The Alabama Code provides that “[t]he municipal court shall have jurisdiction of all prosecutions for the breach of the ordinances of the municipality within its police jurisdiction,” § 12 — 14—1(b), Ala. Code 1975, and that “[t]he circuit court shall have appellate jurisdiction of ... prosecutions for ordinance violations in municipal, courts, except in cases in which direct appeal to the Court[ ] ... of Criminal Appeals is provided by law or rule,” § 12-11-30(3), Ala.Code 1975.
Jason Dean Tulley was charged with carrying a pistol on premises not his own in violation of City of Jacksonville Ordinance No. 0-514-10. The City of Jacksonville’s prosecution of Tulley for a violation of that municipal ordinance was within the subject-matter jurisdiction of the City of Jacksonville municipal court, and Tul-léis appeal of that conviction was within the subject-matter jurisdiction of the Chil-ton Circuit Court.
The issue addressed by the main opinion and its substantive holding that § 13A-11-52, Ala.Code 1975, is unconstitutional on its face and that the City of.Jacksonville’s purported .adoption by general reference of that .offense was a nullity does, not pertain to the jurisdiction of the municipal court or the circuit court. In Lamar v. United States, 240 U.S. 60, 65, 36 S.Ct. 255, 60 L.Ed. 526 (1916), the United States Supreme Court observed that an “objection that the indictment does not charge a crime .,. goes only to the merits of the case.” Likewise, an objection to the constitutionality of a municipal ordinance goes to the merits of the case. A determination of the constitutionality of the ordinance is irrelevant to whether the municipal court and the circuit court had jurisdiction over the subject matter of this case.
Because I believe that the municipal court and the circuit court had' subject-matter jurisdiction, i.e., the constitutional and statutory authority to decide this case, I respectfully dissent.
MURDOCK, J., concurs.