16-1099
*United States v. Suarez-Martinez*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 8th day of March, two thousand seventeen.

Present:        ROBERT A. KATZMANN,
                        *Chief Judge*,
                GERARD E. LYNCH,
                DENNY CHIN,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

                - v -                                        No. 16-1099

MIGUEL SUAREZ-MARTINEZ, AKA
AQUILITO, AKA FACE, AKA JAYSON S.
RAFFUCCI ARCELAY,

        *Defendant-Appellant*.

---

For Defendant-Appellant:                Yuanchung Lee, Assistant Federal Public
                                        Defender, Federal Defenders of New York,
                                        Inc., New York, NY.

For Appellee:                           Andrew C. Adams, Micah W.J. Smith,
                                        Assistant United States Attorneys, *for* Preet
                                        Bharara, United States Attorney for the

1

Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Miguel Suarez-Martinez appeals from the judgment against him and his sentence of 156 months' imprisonment for conspiring to commit murder for hire in violation of 18 U.S.C. § 371 and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He argues that a conspiracy charged under § 371 cannot be a crime of violence within the meaning of § 924(c) and that his sentence was procedurally and substantively unreasonable. We affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

By pleading guilty to violating § 924(c), Suarez-Martinez waived his argument that a conspiracy charged under § 371 cannot be a crime of violence within the meaning of § 924(c). "It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam). Although Suarez-Martinez claims that his present challenge is jurisdictional, we have held that "[i]n order to invoke a district court's jurisdiction, an indictment need only allege that a defendant committed a federal criminal offense at a stated time and place in terms plainly tracking the language of the relevant statute." *United States v. Rubin*, 743 F.3d 31, 38 (2d Cir. 2014). Because the information charging Suarez-Martinez with violating § 924(c) alleged that Suarez-Martinez committed a § 924(c) offense at a specific time and place in terms tracking the language of § 924(c), the district court would still have had jurisdiction over Suarez-

2

Martinez's case even if a § 371 conspiracy cannot be a crime of violence under § 924(c). *See*

*Rubin*, 743 F.3d at 37 (discussing *Lamar v. United States*, 240 U.S. 60 (1916)). Accordingly,

Suarez-Martinez's present challenge to his § 924(c) conviction is not jurisdictional and is

therefore waived.

With respect to his sentence, Suarez-Martinez first challenges the district court's finding

that he was an experienced killer for hire. We review a district court's "underlying factual

findings with respect to sentencing . . . for clear error." *United States v. Cossey*, 632 F.3d 82, 86

(2d Cir. 2011) (per curiam). The district court did not clearly err in finding that Suarez-Martinez

was an experienced killer for hire. Suarez-Martinez's own statements provided ample support for

such a finding.

Suarez-Martinez also argues that the district court erred in taking into account individuals

outside of the United States when applying 18 U.S.C. § 3553(a)(2)(C), which requires a

sentencing court to consider "the need . . . to protect the public from further crimes of the

defendant." Because Suarez-Martinez did not object below, we review the district court's

interpretation of § 3553(a)(2)(C) for plain error. "We typically will not find [plain] error where

the operative legal question is unsettled, including where there is no binding precedent from the

Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal

quotation marks omitted)). By acknowledging that we have never held that a district court may

not take into account individuals outside of the United States when considering the need to

protect the public from a defendant's further crimes, Suarez-Martinez concedes that the district

court did not plainly err. Accordingly, Suarez-Martinez's sentence was procedurally reasonable.

Suarez-Martinez's sentence was also substantively reasonable. We "identif[y] as

substantively unreasonable only those sentences that are so shockingly high, shockingly low, or

otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). In the present case, the district court's thoughtful consideration of mitigating factors, as well as its discussion of the allegedly unwarranted disparity between Suarez-Martinez's sentence and that of a similarly situated defendant, support the substantive reasonableness of Suarez-Martinez's sentence.

We have considered all of plaintiff-appellant's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK