**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert SCHAFFER,**
**Defendant-Appellant.**

**No. 80–5940**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 21, 1981.

---

Gerald D. Hubbart, Miami, Fla., for defendant-appellant.

Ana Maria Carnesoltas, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant was a federal prisoner in legal custody of the Attorney General at the Federal Correctional Institution, Miami, Florida. He was transferred for treatment to a non-governmental hospital that was under contract with the Bureau of Prisons to provide medical care to federal inmates from FCI. He was transported to the hospital by a deputy U.S. Marshal and turned over to McCrary, an employee of a privately owned security service that was under contract with the U.S. Marshal to provide security for federal prisoners while under treatment at this particular hospital.

While under treatment at the hospital defendant was kept shackled to his bed. When being reshackled to his bed after being unshackled to go to the bathroom, defendant struck McCrary with a metal object and fled.

Defendant was convicted under two counts. Count one charged escape from federal custody in violation of 18 U.S.C. §§ 751 and 4082. The former section proscribes escape "from the custody of Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General." Section 4082 places a person convicted of a federal offense in the custody of the Attorney General who shall designate the place of confinement. In count two defendant was charged with assaulting, by use of a deadly and dangerous weapon, McCrary, a person employed to assist the United States Marshal for the Southern District of Florida, while McCrary was engaged in the performance of his duties, in violation of 18 U.S.C. §§ 111 and 1114. Section 111 covers the offense of assault with a deadly weapon on persons designated in § 1114. Among those designated in § 1114 is any person assisting an employee of the Department of Justice in the execution of his duties.

■ The court instructed the jury on the meaning of custody. If it was a jury issue at all, the jury was justified in finding that while in the hospital the defendant, within the meaning of § 751, remained in the custody of the Attorney General. *U. S. v. Cluck*, 542 F.2d 728 (8th Cir.) *cert. denied* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 597 (1976); *Frazier v. U. S.*, 339 F.2d 745 (D.C. Cir.1964); *U. S. v. Piscitello*, 231 F.2d 443 (2d Cir.) *cert. denied* 352 U.S. 857, 77 S.Ct. 89, 1 L.Ed.2d 68 (1956).

The defendant contends that contracts between FCI and the hospital did not appropriately designate the hospital as a place of confinement and that the contracts were erroneously admitted into evidence because not properly authenticated. We need not decide these points. Defendant was charged with escape from custody, and was not charged under the alternative provision of § 751 concerning escape from a designated place of confinement.

■ The contention that the provision of 18 U.S.C. § 1114 designating "any person assisting [any officer or employee of the Department of Justice]" is limited to persons directly employed by the United States itself is wholly without merit. *U. S. v. Williamson*, 482 F.2d 508, 512 (5th Cir. 1973); *U. S. v. Heliczer*, 373 F.2d 241, 249 (2d Cir.), *cert. denied* 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967). Section 1114 is to be given the "ordinary, contemporary, common meaning." *Perrin v. U. S.*, 444 U.S. 37, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979). The trial court instructed the jury "that a person employed to assist the United States Marshal for the Southern District of Florida, is one of the employees referred to in [§ 1114]." The instruction was correct.

AFFIRMED.