UNITED STATES of America, Plaintiff–Appellee,

v.

Michael Wayne KIRKLAND, Defendant–Appellant.

No. 92–2945.

United States Court of Appeals, Eleventh Circuit.

Jan. 25, 1994.

Anthony Martinez, Asst. Federal Public Defender, Tampa, FL, for defendant-appellant.

William Keith Watanabe, Teri L. Donaldson, Tamra Phipps, Asst. U.S. Attys., Tampa, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Michael Wayne Kirkland was convicted in the United States District Court for the Middle District of Florida for killing an "officer or employee of the Postal Service" engaged in the performance of his duties, in violation of 18 U.S.C. § 1114 (count one); assaulting a person having custody of mail matter, in violation of 18 U.S.C. § 2114 (count two); and stealing the United States mail, in violation of 18 U.S.C. § 1708 (count three). The sole issue on appeal is whether the victim, an employee of a private company which contracts with the United States Postal Service (Postal Service) to provide drivers to operate vehicles transporting mail matter, was an "officer or employee of the Postal Service" within the meaning of § 1114. We hold that he was not and vacate Kirkland's conviction on count one.

## I. BACKGROUND

The victim in this case, Donald Cook, was employed by A & S Transportation Corporation, a company that contracted with the Postal Service to furnish drivers for the collection of mail and its delivery to various post offices. Such "contract drivers" are not part of the postal career service entitled to the benefits and protections of the civil service laws, as set forth at 39 U.S.C. § 1001(b). Their wages and benefits are provided directly by the contractor and are governed by the Service Contract Act of 1965 (the "SCA"), 41 U.S.C. §§ 351–358, which sets minimum labor standards for the protection of the employees of contractors with the United States government.[1] While on the job, contract drivers are required to carry an identification badge indicating the name of the operator of the vehicle, the employing contractor and the post office to which he is assigned. Appearing at the top of the badge is the caption "NON POSTAL SERVICE

---

1. A & S Transportation's contract with the Postal Service specified that it was subject to the SCA. (See Gov. Exh. 3 at 39–40); see also Nichols v. Mower's News · Service, Inc. 492 F.Supp. 258, 260–61 (D.Vt.1980) (truck driver employed by private contractor that contracted with the Postal Service to haul mail was a "service employee" within the meaning of the SCA).

CONTRACTOR EMPLOYEE." (*See* Def. Exh. 1).

Section 1114 prohibits the killing or attempted killing of various federal officials, officers and employees in the performance of their official duties, including "any officer or employee of the Postal Service." 18 U.S.C. § 1114. The statute does not define "officer or employee."

Kirkland advances several arguments in support of his contention that a contract driver is not an "officer or employee of the Postal Service." He first focuses on 39 U.S.C. § 1001(a), which states that "[e]xcept as otherwise provided in this title, the Postal Service shall appoint all officers and employees of the Postal Service." 39 U.S.C. § 1001(a). He maintains that, because Cook was not appointed by the Postal Service, he cannot be considered an "officer or employee of the Postal Service." Additionally, he points out that, when Congress amended § 1114 to embrace any officer or employee of the Postal Service, it simultaneously enacted 39 U.S.C. § 1008,[2] which declares that "[a]ny person, when engaged in carrying mail under contract with the Postal Service, or employed by the Postal Service, is deemed a carrier or person entrusted with the mail, and having custody thereof, within the meaning of sections 1701, 1708, and 2114 of title 18."[3] 39 U.S.C. § 1008(b). He reasons that if Congress had intended for § 1114 to embrace contract employees it would have so provided in § 1008(b) at the same time it expanded § 1114 to cover all officers and employees of the Postal Service. In relying on this argument, Kirkland cites *United States v. Hoobler*, 585 F.2d 176 (6th Cir.1978), in which the Sixth Circuit Court of Appeals held that an employee of a contract postal station[4] was not a Postal Service officer or employee. Consequently, she could not be prosecuted pursuant to 18 U.S.C. § 1711 (prohibiting embezzlement by Postal Service officers or employees). *See Hoobler*, 585 F.2d at 178–80.

In response, the government claims that the plain meaning of "any officer or employee" as set forth in § 1114 includes contract employees. It also maintains that the legislative history accompanying Congress' enlargement of § 1114, specifically, H.R.Rep. No. 1350, 90th Cong., 2d Sess. 1 (1968), reveals that Congress intended for the statute to protect all workers who handle the mail, not just appointed employees. Moreover, the government argues that § 1114, its predecessor and its companion statute, 18 U.S.C. § 111,[5] have traditionally been construed broadly to prohibit crimes against individuals responsible for performing federal functions, even if they are not designated as federal officials or appointed federal employees. Finally, it points out that under Kirkland's construction of the statute it could be a fed-

---

**2.** On August 2, 1968, Congress amended § 1114, which was previously limited to "any post-office inspector," to include "any postal inspector, any postmaster, officer, or employee in the field service of the Post Office Department." Act of Aug. 2, 1968, Pub.L. No. 90–449, 82 Stat. 611. On August 12, 1970, Congress enacted 39 U.S.C. § 1008, and contemporaneously changed the language of § 1114 to extend to "any officer or employee of the Postal Service." *See* Postal Reorganization Act, Pub.L. No. 91–375, 84 Stat. 719, 732–33, 777 (1970).

**3.** Section 1701 makes criminal "obstruct[ing] or retard[ing] the passage of the mail, or any carrier or conveyance carrying the mail." 18 U.S.C. § 1701. Section 1708 outlaws, *inter alia*, the theft of mail from a mail carrier. *See* 18 U.S.C. § 1708. Section 2114 concerns assaulting with intent to rob and robbing persons having lawful custody of mail matter. *See* 18 U.S.C. § 2114.

**4.** There are two types of postal branches and stations, "classified" and "contract." *See Hoo-*

bler, 585 F.2d at 179; 39 C.F.R. § 241.2. Classified branches and stations are "[o]perated by postal employees in quarters provided by the Federal Government." 39 C.F.R. § 241.2(b)(1). Contract stations and branches are "[o]perated under contract by persons who are not Federal Government employees." 39 C.F.R. § 241.-2(b)(2). These operators are considered to be "independent contractors and neither the contractors nor any person employed by them to assist in the conduct of contract stations or branches shall be employees of the Federal Government for any purpose whatsoever." *Id.* Section 241.2(b)(2) is not directly applicable here because Cook, although a contract driver, was not a contract station or branch employee.

**5.** Section 111 prohibits assaulting, resisting, opposing, impeding, intimidating, or interfering with any person designated in § 1114, or any person who formerly served as a person designated in § 1114, while engaged in or on account of the performance of official duties. 18 U.S.C. § 111(a).

202

eral crime to obstruct, rob or assault a contract driver under 18 U.S.C. §§ 1701, 1708 and 2114, but the murder of a contract driver must be left to the jurisdiction of the state courts. For this reason, it urges us to hold that Congress could not have intended this result.

## II. DISCUSSION

■ Whether a defendant can properly be prosecuted for a violation of a particular statute is a question of law subject to *de novo* review by this court. *See United States v. Lawson,* 809 F.2d 1514, 1517 (11th Cir.1987). In interpreting the scope of a statute, we must first look to its language. *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246, 252 (1981). If the language of the statute is unambiguous, our analysis ordinarily comes to an end. *See United States v. Garcia,* 718 F.2d 1528, 1533 (11th Cir.1983) ("Review of legislative history is only justified when a statute is inescapably ambiguous."), *aff'd,* 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472, 477–78 (1984) ("[O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language. When ... the terms of a statute [are] unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances[.]' ") (quoting *Crooks v. Harrelson,* 282 U.S. 55, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156, 175 (1930)).

■ We hold that the language of § 1114 referring to "any officer or employee of the Postal Service" unambiguously applies only to those officers or employees directly employed by the Postal Service, and does not plainly encompass contract drivers. Whether more than one entity can be considered the joint employer of an individual for certain functions is a legal determination dependent upon the facts and circumstances of each case. *See, e.g., Patel v. Wargo,* 803 F.2d 632 (11th Cir.1986) (discussing whether individual corporations making up an enterprise can be considered joint employers for purposes of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219). Any ambiguity that might be present in § 1114 with respect to the classification of contract drivers as em-

ployees of the Postal Service can be resolved by reading the statute in conjunction with the laws governing postal employees contained in Title 39.

As noted by Kirkland, Title 39 requires that "the Postal Service shall appoint all officers and employees of the Postal Service." 39 U.S.C. § 1001(a). Because contract drivers are not hired by the Postal Service, they are not officers or employees within the meaning of § 1001(a). Also, the omission of § 1114 from the ambit of 39 U.S.C. § 1008(b), which specifically extends the reach of certain enumerated criminal statutes to encompass crimes against contract employees, evidences an intent by Congress to limit the protection of § 1114 to officers or employees appointed by the Postal Service. Congress was acutely aware that many postal duties are performed by contract employees and could have easily federalized all crimes against such persons in the performance of their duties by so providing in the legislation. Congress chose not to do so. While we recognize that in construing statutes "absurd results are to be avoided," *Turkette,* 452 U.S. at 580, 101 S.Ct. at 2527, 69 L.Ed.2d at 253, we cannot say that a construction which makes federal only certain crimes against contract drivers is so unusual or irregular as to require us to find a contrary intent on the part of Congress.

Assuming, *arguendo,* that the language of § 1114 is still unclear when construed with the relevant sections of Title 39, the government's reliance on the legislative history is misplaced. It is evident that Congress was concerned with the increasing number of assaults on postal employees while engaged in performing their duties and felt it appropriate to augment the level of federal protection to the class of all postal employees, rather than just to postal inspectors. *See generally* H.R.Rep. No. 1350, 90th Cong., 2d Sess. 1–14 (1968). The legislative history is completely silent, however, as to whether this law should furnish protection to contract employees performing postal duties under an agreement with a private employer. *See id.*

The cases cited by the government for the proposition that § 1114 should be broadly construed to safeguard the person of all

those discharging federal functions are no more illuminating on the specific issue at hand than is the legislative history. In only one case cited by the government was the court required to determine whether liability under § 1114 is limited to the murder or attempted murder of persons directly employed by the United States. *See United States v. Schaffer,* 664 F.2d 824 (11th Cir. 1981). In *Schaffer,* a panel of this court concluded that an employee of a privately owned security service under contract with the United States Marshal to provide security for federal prisoners undergoing treatment at a particular hospital was within the class of persons protected by § 1114. *See id.* at 825. However, section 1114 explicitly refers to the killing or attempted killing of "any United States marshal or deputy marshal *or person employed to assist such marshal or*

*deputy marshal."* 18 U.S.C. § 1114 (emphasis added). This expansive language is lacking with respect to "any officer or employee of the Postal Service."

In view of the foregoing, we hold that the protection afforded by § 1114 does not extend to contract drivers for the Postal Service and we vacate Kirkland's conviction on count one.

REVERSED and REMANDED for entry of a judgment of acquittal as to count one.