**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

02-10084

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JESUS JACQUEZ-BELTRAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jesus Jacquez-Beltran appeals his conviction based on alleged insufficiency of the indictment and a Rule 11 violation in the district court's admonishment as to the nature of the charges against him. Finding the defendant's objections to the indictment to be waived or without merit, and finding the court's admonishment adequate, we affirm.

                              I.

Defendant Jesus Jacquez-Beltran was serving a prison term when he struck correctional officer Tommy Jackson on the head with a radio. He pleaded guilty to assault of an officer with a dangerous weapon.

Defendant's first complaint concerns the sufficiency of the indictment, both as a jurisdictional challenge and as a claim that the indictment failed to state an offense.  Before addressing the specifics of Defendant's argument, we note that defects in an indictment due to the failure to allege an element of the offense are not jurisdictional.  United States v. Longoria, 298 F.3d 367, 372 (5th Cir.) (en banc) (construing United States v. Cotton, 525 U.S. 625, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002)), cert. denied, 123 S. Ct. 573 (2002).[1]  Defendant's jurisdictional challenge to the indictment fails.

After Cotton, any objection that the indictment fails to charge a crime against the United States does not contest jurisdiction but "'goes only to the merits of the case'" brought against the Defendant.  Cotton, 122 S. Ct. at 1785 (quoting Lamar v. United States, 240 U.S. 60, 65, 36 S. Ct. 255, 60 L. Ed. 2d 526 (1916)).  Defendant expressly waived the right to appeal in his plea agreement without making an exception for appealing the merits of the case.[2]

Defendant maintains that his waiver of appeal should not be enforced, citing United States v. Spruill, 292 F.3d 207 (5th Cir.

---

[1] To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute.  United States v. Desurra, 865 F.2d 651, 654 (5th Cir. 1989).  The indictment sufficiently invoked the district court's jurisdiction, alleging violation of 18 U.S.C. § 111, including the allegation that Jackson was assaulted while engaged in and on account of the performance of his official duties in assisting federal officers.

[2]  1 R. 82-83 (para. 8 of plea agreement).

2

2002), which observed that a waiver of appeal was not an "'intelligent waiver of the right not to be prosecuted (and imprisoned) for conduct that does not violate the law.'" 292 F.3d at 215 (quoting United States v. White, 258 F.3d 374, 380 (5th Cir. 2001)). We find Spruill distinguishable from the case at bar. In Spruill the factual basis had been amended to contradict one of the essential elements.[3]

In this case the allegations of the indictment and the stipulations supporting the plea satisfy the essential elements.[4] Under the statute of conviction, the victim Jackson must have been assaulted "while engaged in or on account of the performance of official duties." 18 U.S.C. § 111. The indictment alleges that Defendant assaulted Jackson "while he was engaged in, and on account of the performance of, his official duties" in assisting federal officers, and the factual resume declares that Jackson "was

---

[3] Spruill pled guilty to possession of a firearm by a person under a domestic relations restraining order, and an element of the offense was that the predicate order "'was issued after a hearing.'" Spruill, 292 F.3d at 214 (quoting 18 U.S.C. § 922(g)(8)(A)). The factual basis in Spruill's plea agreement was amended, deleting the statement that defendant appeared before the court at the issuance of the predicate restraining order, and adding the statement that defendant agreed to the order in the D.A.'s office and "had the opportunity to be heard on the matter had he chosen to." Id. at 212. Ultimately concluding that such a scenario did not constitute a "hearing" within the intendment of the federal criminal statute, the court would not enforce the waiver of appeal, since enforcing the waiver would "'risk[] depriving a person of his liberty for conduct that does not constitute an offense.'" Id. at 215 (quoting White, 258 F.3d at 380).

[4] Although we are holding Defendant to his waiver of appeal in his plea agreement, we realize the necessity of considering the arguments concerning the essential elements for the limited purpose of distinguishing Spruill.

engaged in the performance of his official duties."

Since Jackson was a private employee of the Corrections Corporation of America rather than a federal employee, to be a covered victim he must have further been assaulted either while "assisting [a federal] officer or employee in the performance of such [official] duties or on account of that assistance."  18 U.S.C. § 1114.  The indictment alleges both that Jackson was engaged in his official duties "in assisting" federal officers, and that Jackson was assaulted "on account of the performance of[] his official duties in assisting [federal] officers."  Further, the factual resume stipulates that Jackson "was assisting an officer or employee of the United States," and that "all correctional officers working at [the detention center], including [the victim] Jackson, operated in the capacity of correctional officers assisting employees of the Bureau of Prisons."  We decline to add to the statutory elements by requiring that a federal agent be physically present with the victim at the time of the assault.[5]  Since the

---

[5]  Cases from other circuit courts have interpreted the statute to protect contract employees assisting a federal agency.  United States v. Murphy, 35 F.3d 143, 147 (4th Cir. 1994) (that victim was not "directly controlled" by a federal agent or that a federal agent was not present does alter the result that victim is protected by §§ 111, 1114 if victim was assisting Untied States Marshal Service in its official duties), cert. denied, 513 U.S. 1135, 115 S. Ct. 954, 130 L. Ed. 2d 897 (1995); United States v. Schaffer, 664 F.2d 824, 825 (11th Cir. 1981)(jury instruction under § 1114 that a protected victim includes "a person employed to assist the United States Marshal" upheld as correct).  Those decisions are based on the principle that the statutes at issue "protect both federal officers and federal functions."  United States v. Feola, 420 U.S. 671, 679, 95 S.Ct. 1255, 1261, 43 L.Ed.2d 541 (1975).

indictment and factual resume satisfy and do not contradict the essential elements of the offense, we find Spruill inapplicable, and hold defendant Jacquez-Beltran to his waiver of appeal.

II.

Defendant's next complaint is a Rule 11 claim, which is not subject to waiver on direct appeal. United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998). Rule 11(c)(1) requires the district judge during a guilty plea to "address the Defendant personally in open court and inform [him] of, and determine that [he] understands . . . the nature of the charge to which the plea is offered." Fed. R. Crim. P. 11(c)(1).

The court asked defendant, "Do you understand in Count 1 of this indictment you've been charged with assault of a federal officer?" The indictment had been read to the Defendant preceding the court's question. The indictment charged that Jacquez-Beltran

> intentionally and knowingly did foreseeably assault, . . . Correctional Officer Tommy Jackson, while he was engaged in, and on account of the performance of, his official duties in assisting officers and employees of the United States and of the United States Bureau of Prisons, and in the commission of said acts, did use a dangerous weapon, that is, a two-way radio.

Since the indictment had been just read, the court's shorthanded reference to the offense as "assault of a federal officer" is harmless.

Defendant complains that, because of insufficiencies in the indictment, he never understood that the Government would have to prove that the victim was assisting a federal officer in the performance of his duties or was assaulted on account of such

5

assistance.  The indictment charges both alternative elements, that the victim was assisting federal officers and was assaulted on account of assisting federal officers.  The court's admonishment to Defendant met the requirements of Rule 11.

III.

Under <u>Longoria</u> we uphold the district court's jurisdiction despite the alleged insufficiency of the indictment.  We find the alleged defects in the indictment waived by the guilty plea.  The court's admonishment to Defendant sufficed under Rule 11.

AFFIRMED.

ENDRECORD

6

HAROLD R. DeMOSS, JR., Circuit Judge, Specially Concurring:

I concur in the panel's affirmance of the district court's action in this case solely because:

1.  Beltran and his counsel both signed a written plea agreement and a factual stipulation which adequately support Beltran's plea of guilty to the offense charged in Count I of the indictment; and

2.  The written plea agreement contained a provision by which Beltran agreed not to appeal his conviction or his sentence for any reason except certain circumstances which did not occur in this case.

Under these circumstances, I think this Court should simply dismiss the appeal or affirm on the grounds that Defendant, Beltran, waived his right of appeal.

Candidly, I think the prosecution pulled the wool over the eyes of Beltran and his counsel by alleging that the victim of Beltran's assault was a "Correctional Officer" who at the time of the assault was "assisting officers and employees of the United States and of the Bureau of Prisons" when, in truth and in fact:

A.  The "Eden Detention Center", where the assault occurred was a private prison facility owned exclusively(land, buildings, improvements, locks, stocks and barrels) and operated exclusively by the Corrections Corporation of America, a private corporation and the victim of that assault was an employee of that corporation; and

B.  No person who was in fact an "officer or employee of the United States or of the Bureau of Prisons" was present or engaged in any activity which the victim was, or even could have been, "assisting;" and

C.  After pulling the wool over the eyes of Beltran and his counsel, the prosecution stood by in silence

when the district judge at the Rule 11 hearing advised Beltran that he was charged with "assaulting a federal officer."

The statute under which Beltran was charged expressly says that it protects "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on an account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance," 28 U.S.C. §1114 (emphasis added). I have been through this record from top to bottom and found absolutely nothing that indicates that any person who was "an officer or employee" of the United States or of the Bureau of Prisons was present at the time and place of Beltran's assault on the victim, nor was such a person even anywhere on the premises of the Eden Correction Center at any time relevant to the time of such assault. Regretfully, my colleagues look upon this appeal as an opportunity to further the cause of federalization of criminal law by setting precedent for the extension of the interpretation of the words in this statute quoted above so as to extend its protections to a private person victim of an assault that occurs on private property in connection with the operation of a private business; and there is no person who is a government official or employee who was engaged in the performance of his official duties that the victim was assisting. I just can't read the statutory language that broadly, but I have to recognize that the Defendant, Beltran, voluntarily pleaded

8

guilty to a criminal charge that such conduct constitutes a federal

offense.