United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-10085
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JUAN MALDONADO-HERNANDEZ;
MIGUEL MARTINEZ-LOPEZ,

Defendants-
Appellants.

----------------------------------------------------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 6:01-CR-36-C
----------------------------------------------------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Maldonado-Hernandez and Miguel Martinez-Lopez appeal their jury convictions for

assault on a correctional officer assisting officers and employees of the United States under 18 U.S.C.

§§ 111(a)(1) and (b) and 1114. Martinez argues that the evidence adduced at trial was insufficient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to support his convictions because the testimony of one of the correctional officers cannot be reconciled with the identification of him by the victim.

The victim, who knew Martinez from the dormitory where Martinez was housed, positively identified Martinez as one of the inmates who kicked him. The jury chose to believe the victim's testimony, and we do not second-guess such a credibility determination. See United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002), cert. denied, 123 S. Ct. 1783 (2003). The victim did not assert facts that he could not have observed or events that defy the laws of nature. See United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993). Martinez has not shown that the jury's verdict was a manifest miscarriage of justice. See United States v. Galvan, 949 F.2d 777, 783 (5th Cir. 1991).

Maldonado argues that the indictment failed to allege an offense in violation of federal law because it failed to allege that the person whom the victim was assisting was engaged in the discharge of official duties, an essential element of the offense. The indictment alleged all of the elements of the crimes charged. See United States v. Jacquez-Beltran, 326 F.3d 661, 663 (5th Cir. 2003). Maldonado has identified no plain error. See United States v. Cotton, 535 U.S. 625, 631-32 (2002).

Although Maldonado concedes that he committed the assault, he argues that the evidence is insufficient to support the convictions because employees of a private detention center should not be considered to be assisting federal officers unless they are acting in cooperation with, under the direct control of, and in the physical presence of federal officers. We have declined to add to the statutory elements of 18 U.S.C. §§ 111 and 1114 "by requiring that a federal agent be physically present with the victim at the time of the assault." Jacquez-Beltran, 326 F.3d at 663. Martinez has not shown that the jury's verdict was a manifest miscarriage of justice. See Galvan, 949 F.2d at 783.

Finally, although Maldonado concedes that his argument lacks merit, Maldonado contends that his separate convictions and sentences violated the Double Jeopardy Clause because, even though the sentences are concurrent, the entry of the multiple convictions and sentences impermissibly punished him three times for the same offense. Because Maldonado did not object to the indictment in the district court, his argument as to the multiple convictions is waived. See id. at 781. Maldonado cannot challenge his sentences because they are concurrent, and his argument on this issue is foreclosed. Id. The judgments of the district court are AFFIRMED.