**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 18, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60373
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARNELL DESHAWN MCCRIMMON, also known as Money D. McCrimmon,
also known as Darnell Williams, also known as Marcus Thomas
Dawson, also known as Dominic Anderson, also known as Quanell
Sims,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CR-55-11-B
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Darnell Deshawn McCrimmon appeals his guilty-plea conviction

and sentence for conspiracy to possess with the intent to

distribute a mixture containing cocaine base. We reject

McCrimmon's argument that because the superseding indictment was

dismissed prior to the entry of his guilty plea to that

indictment, the district court was without jurisdiction to accept

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his guilty plea.  Even if the superseding indictment was in fact dismissed, because the original indictment, which contained the same charge as the superseding indictment, was still in force at the time that McCrimmon entered his plea, the district court had jurisdiction to accept McCrimmon's guilty plea.  United States v. Jacquez-Beltran, 326 F.3d 661, 662 n.1 (5th Cir. 2003).  Lastly, McCrimmon does not contend that his plea was involuntary because he thought that he was pleading guilty to the superseding indictment as opposed to the original indictment.

McCrimmon argues next that the district court erred in declining to apply the safety-valve provision of U.S.S.G. § 5C1.2.  The district court, in declining to apply the safety-valve provision, found that the sentencing guidelines had adequately taken into consideration the fact that McCrimmon did not possess any firearms during his criminal activities.

Section 2D1.1(6) calls for a two-level decrease in the offense level for drug trafficking offenses if the defendant meets five criteria set forth in U.S.S.G. § 5C1.2.  See U.S.S.G. § 2D1.1(6).  We have reviewed the record and briefs submitted by the parties and hold that the district court clearly erred in determining that the safety-valve provision was inapplicable on the ground that the sentencing guidelines had adequately taken into consideration the fact that McCrimmon did not possess any firearms during his criminal activities.  U.S.S.G. § 5C1.2(5); United States v. Edwards, 65 F.3d 430, 433 (5th Cir. 1995).

Under U.S.S.G. § 5C1.2, no firearm may be possessed; therefore, the fact that the guidelines take into consideration elsewhere that no firearm was possessed is irrelevant.  Accordingly, we VACATE McCrimmon's sentence and REMAND to the district court.  Upon remand, the district court should fully explore whether McCrimmon satisfied the requirements of U.S.S.G. § 5C1.2.

VACATED AND REMANDED IN PART; AFFIRMED IN PART.