**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PAUL TEUSE AMA,

    Defendant-Appellant.

No. 03-4151
(D. Utah)
(D.Ct. No. 2:00-CR-474-DKW)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Paul Tuese Ama pled guilty to Assault on a Federal Officer or Employee, in violation of 18 U.S.C. § 111. He appeals the district court's denial of his motion

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to dismiss for lack of federal jurisdiction, claiming his victim was not assisting a federal officer at the time of the assault. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

The undisputed facts are as follows. On September 17, 2000, while awaiting designation to a federal facility because of a separate federal offense, Ama was imprisoned at the Salt Lake County Adult Detention Center (Detention Center). The Detention Center had contracted with the United States Marshals Service to provide for the "custody, care and safekeeping of federal prisoners" in exchange for monetary compensation. (Appellee's Br., Attach. A.) Accordingly, Ama was placed in the section of the jail containing federal prisoners. While there, Ama engaged in a fight with another inmate. To subdue the fight, corrections officers sprayed mace. Ama became combative, striking an officer unconscious.

Ama was indicted for assault on a federal employee or officer under 18 U.S.C. § 111. The government filed a motion requesting a hearing to determine whether the Detention Center corrections officer is considered a federal employee or officer, or was assisting such officer at the time of Ama's assault. The district court did not hold a hearing or rule on the motion. Instead, Ama entered a conditional plea of guilty to the charge, reserving the right to raise the legal issue

"relative to the status of the victim . . . and whether he was in fact acting as a federal officer." (R., Vol. I, Doc. 46 at 4.) Ama was sentenced to thirty-six months imprisonment, to run consecutive to a seventy-one month sentence imposed for his other federal offense.

Ama appealed, claiming his guilty plea was unknowing and involuntary because he had not obtained an "adverse determination" as required by Rule 11(a)(2) of the Federal Rules of Criminal Procedure.[1] The government conceded this point and we remanded the case to the district court for its ruling. Ama filed a "Motion Re: Jurisdiction of Case," claiming the Detention Center officer was acting in the performance of his duties as a state employee, not assisting a federal officer, thus removing him from the ambit of § 111. The district court denied Ama's motion. Ama reentered his plea of guilty and the district court imposed the same sentence. This appeal followed.

**Discussion**

Title 18 U.S.C. § 111(a)(1) provides that a person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in

---

[1] Rule 11(a)(2) provides:
> (2) **Conditional Plea**. With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea.

section 1114 . . . while engaged in or on account of the performance of official duties," is subject to criminal liability. In turn, § 1114 protects

> any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties, *or any person assisting such an officer or employee in the performance of such duties or on account of that assistance . . . .*

18 U.S.C. § 1114 (emphasis added). "[T]he type of individual encompassed by § 1114 is a legal question for the court," subject to de novo review. *United States v. Martin*, 163 F.3d 1212, 1214 (10th Cir. 1998), *cert. denied,* 526 U.S. 1137 (1999).[2]

The parties agree the Detention Center officer is not a federal employee. The argument rests on whether the performance of his official duties was for the purpose of assisting a federal officer. Section § 111 is "intended to protect both federal officers and federal functions, and that, indeed, furtherance of the one policy advances the other." *United States v. Feola*, 420 U.S. 671, 679 (1975). In *United States v. Reed*, 413 F.2d 338, 341 (10th Cir. 1969), *cert. denied,* 397 U.S. 954 (1970), we held a probation officer orally employed by a United States

---

[2] Whether an individual was engaged in official duties is a question of fact. *Martin*, 163 F.3d at 1214. It is not disputed that the Detention Center officer was engaged in his official duties.

Marshal to assist in the transportation of a federal prisoner was protected under § 111. Similarly, in *Martin*, 163 F.3d at 1215, we held a city police detective deputized to participate in a federal investigation was cloaked by §§ 111 and 1114. More recently, we concluded a private citizen, killed while helping a federal employee plot a fence funded and approved by a federal agency, was assisting a federal employee "while engaged [in] or on account of the performance of official duties." *United States v. Holder*, 256 F.3d 959, 965 (10th Cir. 2001) (internal quotation marks omitted).

We interpret liberally the meaning of "while engaged or on account of the performance of official duties" in §§ 111 and 1114, recognizing "[e]ach case . . . requires a fact specific analysis, but no case will turn on any one factor." *Id*. Ama claims the "fact specific analysis" required in *Holder* supports his contention that the Detention Center officer he assaulted was not assisting any federal authority at the time of the assault, but instead was acting in the furtherance of his local duties. Ama points to the non-federal source of the officer's wages and the fact the officer was not on loan to federal authorities. He emphasizes the officer was not cross-deputized and was guarding both state and federal inmates in the same area, without the presence or supervision of a federal employee. (Appellant's Br. at 9.) He concludes, "[u]nder the specific facts of Mr. Ama's case, it is impossible to separate where the guard's state employment ended and

his supposed federal function commenced." (Id.) We disagree.

*Holder* is no impediment here. The officer in this case was acting pursuant to a contract to provide assistance to the United States Marshal, whose official duties include housing prisoners awaiting federal trial. Thus, he was performing the same duties and functions that a federal officer would perform. The Fifth Circuit recently considered facts strikingly similar to those before us. *United States v. Jacquez-Beltran*, 326 F.3d 661 (5th Cir.), *cert. denied,* 124 S. Ct. 320 (2003). In *Jacquez-Beltran*, a private employee of the Corrections Corporation of America was assaulted by a federal prisoner. *Id.* at 662-63. Considering the defendant's claim of a deficient indictment, the court held the guard was "engaged in his official duties 'in assisting' federal officers, and that [he] was assaulted 'on account of the performance of [ ] his official duties in assisting [federal] officers." *Id.* at 663. The court noted the physical presence of a federal agent at the time of the assault is not required. *Id.* Likewise, in *United States v. Murphy*, 35 F.3d 143 (4th Cir. 1994), *cert. denied,* 513 U.S. 1135 (1995), a local jailer maintaining custody of a federal prisoner in a county jail pursuant to a contract with the United States Marshals Service was found to be within the protection of §§ 111 and 1114. The court reasoned, "[t]he common usage of 'employed to assist' means that a person is being used to help a federal agent, and that is exactly what transpired in this case." *Id.* at 145 (construing more strict

-6-

language in § 1114's predecessor, "any United States marshal or deputy marshal or person employed to assist such marshal or deputy marshal . . . ." *See* 18 U.S.C.A. § 1114 (West Supp. 1994)) (cited favorably in *Holder*, 256 F.3d at 965). We find these cases persuasive and in complete harmony with our precedent.

**Conclusion**

The ruling of the district court is **AFFIRMED**.


                                        **Entered by the Court:**

                                        **TERRENCE L. O'BRIEN**
                                        United States Circuit Judge