United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60768
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIS WILSON, also known as K-Money,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CR-114-1
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

     Kevis Wilson was convicted of conspiracy to obstruct
interstate commerce (Count One), aiding and abetting obstruction
of interstate commerce (Count Two), aiding and abetting the
possession of more than $5,000 of stolen currency (Count Three),
and aiding and abetting the interstate transportation of more
than $5,000 of stolen currency (Count Four).  He appeals, arguing
that the district court did not have jurisdiction to try him on
Count Two.  The district court did, however, have jurisdiction.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See United States v. Cotton, 535 U.S. 625, 630-31 (2002); United States v. Jacquez-Beltran, 326 F.3d 661, 662 (5th Cir. 2003).

Wilson also argues that the evidence at trial was insufficient to support his conviction on Count Two. Because Wilson made a motion for a judgment of acquittal at the close of all the evidence, this court ordinarily would review his conviction to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). However, the Government argues that Wilson did not preserve his sufficiency claim for appeal, because his motion for a judgment of acquittal did not specifically raise this argument, and that Wilson is entitled to relief only if he can establish that affirming his conviction would result in a manifest miscarriage of justice. See United States v. Herrera, 313 F.3d 882, 884-85 (5th Cir. 2002) (en banc). This court need not decide which standard of review applies, because Wilson's sufficiency claim fails even if he preserved it.

To support Wilson's conviction for aiding and abetting obstruction of interstate commerce, the Government had to establish that Wilson aided and abetted in the commission of a robbery and that the robbery interfered with interstate commerce. See United States v. Ferguson, 211 F.3d 878, 885 (5th Cir. 2000). Wilson challenges only the sufficiency of the robbery element.

The testimony established that Grand Casino Tunica owned the money stolen by the defendants.  Therefore, the jury rationally could have found that the casino was the victim of the theft. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995); United States v. Carpenter, 611 F.2d 113, 114 (5th Cir. 1980). The testimony also established that the defendants took the casino's money by threatening to use force or violence against the casino's property or its employees and patrons who were present at the time of the taking or obtaining of the property, that at least one casino patron reported the robbery to casino security, and that other patrons reported the robbery to casino employees.  Therefore, the jury rationally could have found that the defendants obstructed interstate commerce by robbery.  See 18 U.S.C. § 1951(b)(1); Jaramillo, 42 F.3d at 923.  Accordingly, the evidence was sufficient to sustain Wilson's conviction for aiding and abetting obstruction of interstate commerce.

AFFIRMED.