United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11298
Conference Calendar

_____

WILLIE JAMES POLLEY,

Petitioner-Appellant,

versus

COLE JETER, Warden, Federal Medical Center, Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-458
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Willie James Polley, federal prisoner # 05805-078, was

convicted of conspiracy to distribute cocaine base and was

sentenced to 240 months of imprisonment. Polley challenges his

underlying conviction and sentence by arguing: (1) that he is

entitled to seek relief under 28 U.S.C. § 2241 because 28 U.S.C.

§ 2255 is inadequate to raise claims that his conviction and

sentence were illegal under United States v. Booker, 543 U.S. 220

(2005); (2) that he is entitled to seek relief under the All

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Writs Act, 28 U.S.C. § 1651(a); (3) that he is entitled to relief because his indictment was defective in light of Booker; (4) that this defect prevented the district court from having jurisdiction over Polley; and (5) that, in light of Booker, he was actually innocent of the offense for which he was convicted and sentenced.

Although Polley seeks to proceed under § 2241 pursuant to the savings clause of § 2255, he has not shown that the remedy available under § 2255 is inadequate or ineffective. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). To the extent Polley argues that the Booker or Apprendi v. New Jersey, 530 U.S. 466 (2000), lines of authority apply retroactively to cases on collateral review and entitle him to file a § 2241 petition, his argument is unavailing in light of Padilla v. United States, 416 F.3d 424, 426-27 (5th Cir. 2005).

"[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quotation marks omitted). Because § 2255 provides the primary means of collaterally attacking a federal conviction and sentence, see Reyes-Requena, 243 F.3d at 901, the All Writs Act is not applicable to Polley's petition.

Polley's argument that the district court lacked jurisdiction because of a defect in the indictment is unavailing.

A defective indictment does not deprive a court of jurisdiction.
See United States v. Cotton, 535 U.S. 625, 630-31 (2002); United
States v. Jacquez-Beltran, 326 F.3d 661, 662 (5th Cir. 2003).

AFFIRMED.