# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2011

No. 09-51026
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELDRIDGE VANDERHORST HILLS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-49-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eldridge Vanderhorst Hills appeals pro se his conviction and sentence for possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Hills represented himself at trial after waiving his right to court-appointed counsel. Uncontradicted evidence at his trial indicated that police officers Robert Rush and Chris Polidoro responded to a report of aggravated robbery at a hotel and that Polidoro found a gun in a hotel room in which Hills was an occupant. Over Hills's objection, Rush and Polidoro testified that Hills

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted at the scene that the gun belonged to him and that he had possessed it for about two weeks.

Hills first contends that his conviction violated the Double Jeopardy Clause and the principle of collateral estoppel because his federal prosecution occurred after the dismissal of a state charge against him for possession of a firearm by a felon under TEX. PENAL CODE § 46.04. This argument is unavailing, as the United States and Texas are separate sovereigns and were permitted to independently bring separate prosecutions to vindicate their own interests. *See United States v. Angleton*, 314 F.3d 767, 771-74, 776 (5th Cir. 2002).

Second, Hills argues that the district court erred in denying his pretrial motion for depositions under Federal Rule of Criminal Procedure 15. The information sought by Hills through the depositions was not material to his case, and the district court's denial of the motion did not constitute an abuse of discretion. *See United States v. Butler*, 429 F.3d 140, 148-49 (5th Cir. 2005); *United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994).

Third, Hills contends that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to fulfill his discovery requests. De novo review applies to this argument. *See United States v. Infante*, 404 F.3d 376, 386 (5th Cir. 2005). To prevail on his *Brady* claim, Hills must establish that "(1) the prosecution did not disclose evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material—i.e., there is a reasonable probability that if the government had disclosed the evidence, the result of the proceeding would have been different." *Id.* The Government provided open file discovery to Hills, and he makes no assertion that the Government actually possessed the information underlying his *Brady* argument. *See United States v. Edwards*, 442 F.3d 258, 266 (5th Cir. 2006). Additionally, his assertion that the information would have been material is merely speculative. Hills has not shown that the Government committed a *Brady* violation.

Fourth, Hills contends that his indictment was defective because grand jury testimony given by Polidoro was determined in state court to be inadmissible. According to Hills, the district court lacked subject matter jurisdiction over his case due to his defective indictment. Even if Hills's allegation concerning the state court ruling were true, the issue whether grand jury testimony would have been admissible under state law does not implicate the sufficiency of Hills's federal indictment or the district court's subject matter jurisdiction over his prosecution. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Jacquez-Beltran*, 326 F.3d 661, 662 n.1 (5th Cir. 2003).

With the benefit of liberal construction, Hills also argues that his indictment was defective because it failed to allege an essential element of his offense, namely that the firearm in his case traveled in or affected interstate commerce. Hills preserved this argument, and it is reviewed de novo. *See United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991). "To establish a violation of § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) that the defendant previously had been convicted of a felony; (2) that he possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce." *United States v. Broadnax*, 601 F.3d 336, 341 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 131 S. Ct. 207 (2010). We have determined that the language used in Hills's indictment was sufficient to allege the interstate commerce element of a § 922(g)(1) violation. *See Shelton*, 937 F.2d at 142-44. Hills's challenges to the sufficiency of his indictment and the district court's subject matter jurisdiction are unavailing.

Fifth, Hills complains of the district court's decision to overrule a number of objections by him to the testimony of Rush, Polidoro, and Dannece Jenkins, one of two individuals found in the hotel room with Hills. Hills has failed to sufficiently brief any argument regarding why the district court's rulings were erroneous on the merits and has thus waived any such challenge. *See United*

*States v. Green*, 508 F.3d 195, 203 (5th Cir. 2007). To the extent Hills argues that Federal Rules of Evidence 801, 802, 803, and 404(b) are ineffective because they conflict with 28 U.S.C. §§ 2071 and 2072, his argument is meritless. *See Jaffee v. Redmond*, 518 U.S. 1, 8 & n.7 (1996) (discussing history of enactment of Federal Rules of Evidence); *Trammel v. United States*, 445 U.S. 40, 47 (1980) (same).

Sixth, with the benefit of liberal construction, Hills contends that the evidence was insufficient with respect to the element of possession of the firearm. The testimony of Rush and Polidoro indicated that Hills admitted that the gun belonged to him and had been in his possession for two weeks, and Jenkins testified that the gun belonged to Hills. Viewing the evidence in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt that the firearm belonged to Hills, in satisfaction of the element of possession. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Seventh, Hills contends that the district court failed to consider jury instructions requested by him. This court reviews preserved errors regarding jury instructions for an abuse of discretion and will reverse only if the jury charge, as a whole, leaves the court with "substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *United States v. Lucas*, 516 F.3d 316, 324 (5th Cir. 2008) (internal quotation marks and citation omitted). There is no abuse of discretion with respect to the denial of a requested jury instruction "where the instructions actually given fairly and adequately cover the issues presented by the case." *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). Hills does not indicate what instructions were requested by him or how the district court's jury charge was inadequate. He has not shown that the district court abused its discretion with respect to his requested jury instructions. *See Lucas*, 516 F.3d at 324; *Simkanin*, 420 F.3d at 410.

Eighth, Hills contends that his right of access to the courts was violated when the district court refused his request for access to a law library and instead appointed standby counsel to answer his legal questions. Insofar as this point of error may be construed as a challenge to his conviction on the ground that Hills was prevented meaningful self-representation, rather than a claim for damages under 42 U.S.C. § 1983, Hills's argument is unavailing given the availability of standby counsel to answer his legal questions. *See Bounds v. Smith*, 430 U.S. 817, 828, 830-31 (1977); *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *Sellers v. Collins*, 92-4761, 1993 WL 543311, at *1 (5th Cir. Dec. 15, 1993) (unpublished); *see also* 5TH CIR. R. 47.5.3.

In his last challenge to his conviction, Hills contends that he received ineffective assistance of standby counsel because his standby counsel failed to obtain the dismissal of his case on double jeopardy grounds. Hills acted as his own counsel at trial and therefore is not entitled to relief on his claim of ineffectiveness of standby counsel. *See United States v. Morrison*, 153 F.3d 34, 55 (5th Cir. 1998).

Regarding his sentence, Hills first argues that the district court erred in assessing a base offense level of 24 under the Sentencing Guidelines pursuant to U.S.S.G. § 2K2.1(a)(2). Under § 2K2.1(a)(2), a defendant's base offense level is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." The district court's application of § 2K2.1(a)(2) rested on the fact that Hills's criminal history included a Texas conviction in 2009 for assault on a public servant and a South Carolina conviction in 1999 for distribution of crack cocaine.

Hills reiterates his contention in the district court that his 2009 assault conviction should not have been considered for purposes of § 2K2.1(a)(2) because it remained pending on appeal at the time of his sentencing. With respect to preserved errors, "[t]his court reviews the district court's application of the

Guidelines de novo and its factual findings for clear error." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  The felony convictions that are considered for purposes of § 2K2.1(a)(2) are those convictions that are counted separately and assessed criminal history points under § 4A1.1(a), (b), or (c). § 2K2.1, comment. (n.10).  The fact that Hills's 2009 assault conviction was pending on appeal did not exclude it from being counted under § 4A1.1(a).  *See* § 4A1.2(l).  Thus, Hills has not shown that the district court erred in relying on his 2009 assault conviction for purposes of establishing his offense level under § 2K2.1(a)(2).

Hills also argues that his 1999 conviction for crack cocaine distribution, for which he was sentenced to 10 years of imprisonment, should not have been considered under § 2K2.1(a)(2) because it was over ten years old at the time of his sentencing.  Because this argument was not raised in the district court, it is reviewed for plain error only.  *See United States v. Perez*, 585 F.3d 880, 886 (5th Cir. 2009).  Hills's 1999 conviction for crack cocaine distribution was properly counted under § 4A1.1(a), *see* § 4A1.2(e)(1), and thus served as a proper basis for assessing his base offense level under § 2K2.1(a)(2), *see* § 2K2.1, comment. (n.10).  Hills's challenges to the calculation of his base offense level are unavailing.

Next, Hills challenges the district court's assessment of the four-level enhancement under § 2K2.1(b)(6). This argument was preserved in the district court.  To obtain an enhancement under § 2K2.1(b)(6), the Government was required to show by a preponderance of the evidence that Hills possessed the firearm in connection with another felony offense.  *Coleman*, 609 F.3d at 708. For purposes of § 2K2.1(b)(6), a district court's determination of the relationship between the firearm and another offense is a factual finding reviewed for clear error.  *Coleman*, 609 F.3d at 708.  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id*.

The district court was permitted to draw reasonable inferences from the evidence, and those inferences are factual findings reviewed for clear error. *See id.* It was plausible to find that Hills committed another felony offense that was, or had the potential of being, facilitated by his firearm possession in light of evidence at his trial indicating that Hills took $50 from an individual with the agreement to provide the individual with powder cocaine and then kept the money without furnishing the cocaine, which prompted the report of aggravated robbery fielded by Rush and Polidoro. *See* § 2K2.1, comment., (n.14(A)). Thus, Hills has not shown that the district court clearly erred in finding that the enhancement under § 2K2.1(b)(6) was applicable.

Hills also challenges the enhancement under § 2K2.1(b)(6) on the ground that the testimony establishing that he committed another felony offense was inadmissible pursuant to Federal Rule of Evidence 404(b). This argument is unavailing. "In the sentencing context, a district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *Coleman*, 609 F.3d at 709 n.4 (internal quotation marks and citation omitted). Hills has not shown that the district court erred with respect to his conviction or sentence.

AFFIRMED.