# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50967
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Daniel Cobos,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1957-1

---

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Francisco Daniel Cobos pleaded guilty, pursuant to a written plea agreement, to one count of conspiring to possess with the intent to distribute five kilograms or more of cocaine, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(ii), 846. As part of the plea agreement, Cobos agreed to fully cooperate with the Government, including testifying if needed. In exchange, the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Government agreed to consider filing a motion for a downward departure pursuant to U.S.S.G. § 5K1.1.

The Government filed the § 5K1.1 motion, and Cobos was sentenced within the guidelines range to 54 months of imprisonment. Subsequently, however, Cobos refused to testify against a codefendant. The Government filed a second superseding indictment charging Cobos with attempting to possess a controlled substance with the intent to distribute and aiding and abetting. He filed a motion to dismiss the indictment, arguing that the Government breached the plea agreement, which was denied by the district court. Cobos was convicted and sentenced to 94 months of imprisonment, to run concurrently with the previously-imposed term.

Cobos now argues that the district court erred in denying his motion to dismiss the second superseding indictment, asserting the Government breached the plea agreement and that his refusal to testify was not a violation of his cooperation agreement. He also contends that the district court improperly considered parol evidence, that the second superseding indictment was barred by res judicata, and that the Government's motion for a departure under § 5K1.1 should have applied to his second sentencing.

A claim of breach of a plea agreement is reviewed de novo, and this court will accept the district court's factual findings unless they are clearly erroneous. *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007). This court applies general principles of contract law to interpret the terms of a plea agreement. *Id.* at 387 (5th Cir.2007).

Even with strict construction, the plea agreement clearly and unambiguously states that Cobos's obligation to cooperate includes testifying and that it may extend after sentencing. Additionally, the plea agreement does not include any promise by the Government not to bring additional charges. The Government complied with its obligation to file a § 5K1.1

motion.    Accordingly,    the    district    court's    determination    that    the Government had not breached the plea agreement was not erroneous.

Regarding Cobos's parol evidence claim, "parol evidence is inadmissible to prove the meaning of an unambiguous plea agreement." *United States v. Ballis*, 28 F.3d 1399, 1410 (5th Cir. 1994).  Here, Cobos has not specified what evidence was improperly considered, and the district court stated that it did not consider parol evidence.  Cobos has shown no error.

With respect to Cobos's jurisdictional claim, he has not provided any support for the proposition that a conviction on one count bars the Government from bringing another different count.  "To confer subject matter jurisdiction upon a federal court, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute." *United States v. Jacquez-Beltran*, 326 F.3d 661, 662 n.1 (5th Cir. 2003).  The second superseding indictment did so.  His contention that the second prosecution was barred by res judicata, or claim preclusion, is without merit.  *See Bravo-Fernandez v. United States*, 580 U.S. 5, 9 (2016); *United States v. Kalish*, 734 F.2d 194, 198 (5th Cir. 1984).

Finally, regarding the district court's decision not to apply the § 5K1.1 downward departure to his second sentencing, "absent a government motion, a sentencing court does not have discretion to depart on the basis of the defendant's cooperation under § 5K1.1." *United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014).  Further, Cobos's contention that the § 5K1.1 motion in his initial prosecution should apply to the second prosecution is unsupported.

The judgment of the district court is AFFIRMED.